UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE JAMES, | No. 2:12-cv-1651 WBS AC |
| Plaintiff, | |
| v. | ORDER |
| KIEWIT INFRASTRUCTURE WEST CO., | |
| Defendant. | |

In this slip-and-fall diversity action involving plaintiff-employee of the Sacramento County Sheriff's Department ("the Sheriff's Department") and defendant-construction company, Kiewit Infrastructure West Co. ("Kiewit"), plaintiff brings suit for negligence and claims, inter alia, that she may be forced to retire early from the Sheriff's Department due to her injuries. Defendant has now moved for disclosure of plaintiff's personnel records pursuant to Pitchess v. Superior Court, 11 Cal. 3d 531 (Cal. 1974), on the ground that plaintiff's performance evaluations, disciplinary records, and employment application will help determine whether there may be other factors that would affect plaintiff's "future employability." Missing from defendant's portion of the joint discovery statement, however, is citation to any authority addressing the types of damages available in personal injury actions and how those damages are calculated.[1]

---

[1] Defendant's "future employability" argument is presumably directed to plaintiff's "future (continued…)

1

At hearing on July 10, 2013, Kewit's counsel argued that the personnel file is needed inter alia so that defendant's anticipated expert witness, a vocational expert, can develop an opinion regarding the mitigation of plaintiff's damages by alternative future employment.  Defendant contends that information in plaintiff's personnel file, including her work history and performance evaluations, are relevant to the types of jobs for which she would be qualified and which she would be obligated to pursue in order to mitigate her damages.  Defendant has not, however, provided the court with any information or authority regarding California law regarding mitigation of damages, the use of vocational experts in this context, or the types of evidence upon which such experts may rely.  Unsupported assertions that personnel records are regularly produced in personal injury actions do not substitute for legal authority and do not provide this court with a basis for decision.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant shall file a brief no longer than five pages setting forth the necessary legal background and support for its position on or before Tuesday, July 16, 2013.
2. Plaintiff shall serve a reply brief within three days from service of defendant's brief.

DATED: July 11, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;jame1651.pitchess.jo1

---

earning capacity," which defendant fails to discuss, let alone define, in the joint discovery statement.  Independent research by the court reveals that a plaintiff may recover for loss of earning capacity (i.e., the loss of the ability to earn money) if she is able to prove the amount of money she would have been reasonably certain to earn if the injury had not occurred. Cal. Civ. Jury Instr. ("CACI") 3903D.  "Loss of earning power is an element of general damages that may be inferred from the nature of the injury, with or without proof of actual earnings or income either before or after the injury." Hilliard v. A.H. Robins Co., 148 Cal. App. 3d 374, 412 (Ct. App. 1983).  The test is not what the plaintiff would have earned in the future but what he or she could have earned; and the plaintiff may recover even where he or she was not working and earned nothing. Id.; see also Restatement (Second) of Torts § 924 cmt. d (2013).