1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DIANE JAMES,                          No.  2:12-cv-1651 WBS AC

12                 Plaintiff,

13        v.                               ORDER

14   KIEWIT INFRASTRUCTURE WEST
     CO.,
15
16                 Defendant.

17        On July 10, 2013, the court held a hearing on defendant's May 20, 2013 motion for

18   discovery.  Phillip R. Mastagni appeared for plaintiff Diane James.  John P. Cotter appeared for

19   defendant Kiewit Infrastructure West, Co. ("Kiewit").  On review of the parties' joint discovery

20   statement and supplemental briefs, the documents filed in support of and in opposition to

21   defendant's motion, upon hearing the arguments of counsel, and good cause appearing therefor,

22   THE COURT FINDS AS FOLLOWS:

23                 RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

24   A.     Facts Underlying Litigation

25          1.     Facts Included in Complaint

26        On May 13, 2011, plaintiff, an employee of the Sacramento County Sheriff's Department

27   who was on duty the day of the incident, tripped and fell near the elevator tower at the Folsom

28   Dam where construction was occurring.  Defendant is the construction company.  Plaintiff claims

                                             1

1  she suffered a permanent disability as a result of the fall and brings suit for defendant's

2  negligence and/or other wrongful conduct.  Plaintiff seeks damages for pain and suffering,

3  medical expenses, past lost wages, and future lost wages.  Plaintiff also alleges that she will be

4  forced to retire early as a result of her injuries.

5              2.       Facts Included in Joint Discovery Statement

6        Plaintiff is a Sheriff's Security Officer who tripped and fell on her forehead at Folsom

7  Dam.  Joint Disc. Statement ("JDS") 14.  As a result of the fall, plaintiff suffered a torn left wrist

8  ligament, loss of consciousness, and a head injury.  Id.

9        Plaintiff opened a sushi restaurant on or about February 2010.  JDS 10.  That restaurant

10  has since closed.  Id. 21 n.1.

11        In 2001, plaintiff was assaulted while working as a courtroom attendant.  JDS 8.

12  B.    Procedural Background

13        Plaintiff commenced this action on May 7, 2012 in the Sacramento County Superior Court

14  against multiple defendants, including moving defendant Kiewit Infrastructure West Co.

15  ("Kiewit").  Notice of Removal ("NOR") Ex. A.  On June 13, 2012, plaintiff dismissed without

16  prejudice all defendants but Kiewit.  Id. Ex. C.  Kiewit, a Washington corporation, then removed

17  this action on June 20, 2012 pursuant to 28 U.S.C. §1332.

18        On October 11, 2013, the Honorable William B. Shubb issued a scheduling order in this

19  case, which was modified by stipulation on April 18, 2013.[1]  ECF Nos. 13, 25.  Discovery is to

20  conclude on November 3, 2013.

21  C.    Facts Underlying Discovery Dispute

22        On October 4, 2012, defendant served a business records subpoena on plaintiff's

23  employer, the Sacramento County Sheriff's Department ("Sheriff's Department"), seeking the

24  production of documents relevant to plaintiff's injuries and defendant's affirmative defenses.

25  Rossmiller Decl. Ex. 2.  The subpoena sought the following documents:

26

27
_____

28  [1] The parties participated in the VDRP program, but the case did not settle.  See ECF No. 14;
   Court Docket Entry, dated May 29, 2013, "Notice of Completion of VDRP."

2

> Any and all employment records, including but not limited to, earnings, profits, commissions, bonuses, business income, salary, payroll, attendance, health records, workers' compensation claims, medical information, employment applications, job performance evaluations, date of hire, date and reason for termination, personnel records, and records related to employment or employee benefits, including any and all W2's and/or 1099's regarding Diane James, born on February 13, 1971, with SS # UNK, from any and all dates. RECORDS LIMITED TO THE HEAD, NECK, BACK, SPINE AND UPPER EXTREMITIES.

See Rossmiller Decl. Ex. 2.

On November 16, 2012, plaintiff informed defendant that a Pitchess motion[2] would be required for the disclosure of plaintiff's employment-related records from the Sheriff's Department.  Rossmiller Decl. Ex. 6.

Accordingly, on May 20, 2013, defendant filed the instant motion.  ECF No. 26.  The parties have met and conferred regarding the matters in dispute over the course of multiple days and have filed a joint statement regarding discovery.  According to defendant, the parties no longer have a dispute as to the following categories of records: plaintiff's earnings records, salary records, payroll records, benefit records, medical information (limited to the head, neck, back, spine, and upper extremities), attendance records, and date-of-hire records.  JDS 1-2.  The parties continue to disagree as to the following categories of records: (1) W2/1099 records, (2) termination / discipline records, (3) job performance records, and (4) employment application.

Following the July 10, 2013 hearing on defendant's motion, the undersigned directed defendant to file a supplemental brief setting forth the necessary legal background and support for its position.  Defendant filed a supplemental brief on July 16, 2013.  Plaintiff filed a supplemental reply brief on July 19, 2013.

LEGAL STANDARDS

Regarding the choice of state and federal law in a federal action, the rule is as follows: if federal claims are asserted, federal law controls; if state claims are asserted (as in a diversity

---

[2] In Pitchess v. Superior Court, 11 Cal.3d 531, 537-38 (1974), the California Supreme Court held that, under certain circumstances, criminal defendants are entitled to discovery of information in a law enforcement officer's personnel file that can assist their defense.  Under California law, motions for discovery of police personnel files are generally referred to as Pitchess motions.

1  action), state law controls; in a case with mixed federal and state claims, federal law is

2  controlling.  California law governs privilege matters in this diversity litigation.  First Pacific

3  Networks, Inc. v. Atlantic Mutual Ins. Co., 163 F.R.D. 574, 577 (N.D. Cal. 1995).

4        However, matters going to discovery procedural issues are entirely federal in nature.  See

5  Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Federal Civ. Pro. Before Trial § 1:284

6  (2013).  "Though a federal court in a diversity action is to apply the substantive law of the forum

7  in which it sits, discovery, as a procedural matter, is governed in a federal court only by the

8  Federal Rules of Civil Procedure and state discovery practices are irrelevant.  See 8 Wright &

9  Miller, Federal Practice and Procedure: Civil § 2005 (1970)."  American Ben. Life Ins. Co. v. Ille,

10  87 F.R.D. 540, 542 (D.C. Okl. 1978).  See also Eureka Financial Corp v. Hartford Acc. & Indem.

11  Co., 136 F.R.D. 179, 182 (E.D. Cal. 1991); see Fed. R. Civ. P. 26(b)(5).  Determination of

12  relevance, for example, is a federal matter.

13        A Pitchess motion is the procedural method established in Pitchess v. Superior Court, 11

14  Cal.3d 531 (1974), and later codified by California Penal Code § 832.7, which provides that

15  "peace officer or custodial officer personnel records and records maintained by any state or local

16  agency pursuant to Section 832.5, or information obtained from these records, are confidential

17  and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to

18  Sections 1043 and 1046 of the Evidence Code."[3]

19        The asserted "police officer personnel file," however, privilege is not absolute.  Further, to

20  the extent the protections of Cal. Pen. Code § 832.7 and "Public Safety Officers Procedural Bill

21  of Rights Act," Cal. Gov't Code §§ 3301-3310, apply in this case, they do not, per se, prohibit

22  disclosure of such records.  Moreover, the procedures regarding disclosure of police officer

23  _____

[3]  Cal. Evid. Code § 1043 provides in part:

24
          (a) In any case in which discovery or disclosure is sought of
25     peace or custodial officer personnel records . . . the party seeking
       the discovery or disclosure shall file a written motion with the
       appropriate court or administrative body . . .
26
          (b) The motion shall include . . . (3) Affidavits showing good
27     cause for the discovery or disclosure sought . . . .

28  Cal. Evid. Code § 1046 pertains to cases alleging excessive force by a police officer.

4

personnel files (i.e., Cal. Pen. Code § 832.7; Cal. Evid. Code §§ 1034, *et seq*.), do not supplant federal rules of procedure.  In regard to relevance, which is determined by federal law, Rule 26(b) states:

> Unless otherwise limited by court order, parties may obtain discovery regarding any non-privileged manner that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things . . .  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b).

> California Evidence Code § 1040 provides:

> (a)  As used in this section, "official information" means information acquired in confidence by a public employee in the course of his or her duty and not open, or officially disclosed, to the public prior to the time the claim of privilege is made.

> (b)  A public entity has a privilege to refuse to disclose official information, and to prevent another from disclosing official information, if the privilege is claimed by a person authorized by the public entity to do so and:

> > (1)  Disclosure is forbidden by an act of the Congress of the United States or a statute of this state; or

> > (2)  Disclosure of the information is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice; but no privilege may be claimed under this paragraph if any person authorized to do so has consented that the information be disclosed in the proceeding. In determining whether disclosure of the information is against the public interest, the interest of the public entity as a party in the outcome of the proceeding may not be considered.

Disclosure requires "good cause," (Cal. Evid. Code § 1043), relevance, and unavailability by other means (Cal. Evid. Code § 1045).

DISCUSSION

A.    The Parties' Positions

　　　　1.    Defendant

Defendant argues in general terms that its subpoena for plaintiff's personnel records is

5

1    reasonable, seeks the discovery of relevant evidence, and is narrowly tailored.  Defendant asserts

2    that these documents' inherent relevance outweighs plaintiff's privacy interest, and that the

3    documents sought (performance evaluations, disciplinary records, and employment application)

4    will help determine whether there may be other factors that would affect plaintiff's future

5    employability and/or advancement with the Sheriff's Department.  JDS 8.  Defendant also seeks

6    the documents to assess plaintiff's credibility.  Id. 10.  As to plaintiff's W2s and 1099 forms,

7    defendant has withdrawn its request without prejudice.  Id. 2.

8         At the July 10, 2013 hearing on its motion, defendant asserted for the first time that

9    plaintiff's personnel file is needed inter alia so that defendant's anticipated expert witness, a

10    vocational expert, can develop an opinion regarding the mitigation of plaintiff's damages by

11    alternative future employment.  Defendant argued that information in plaintiff's personnel file,

12    including her work history and performance evaluations, are relevant to the types of jobs for

13    which she would be qualified and which she would be obligated to pursue in order to mitigate her

14    damages.  Because defendant had not yet provided the court with any information or authority

15    regarding California law regarding mitigation of damages, the use of vocational experts in this

16    context, or the types of evidence upon which such experts may rely, it was directed to file a

17    supplemental brief providing legal support for its position.

18         In its July 16, 2013 supplemental brief, defendant argues that the documents in the

19    personnel file are necessary to challenge plaintiff's claim of wage loss based on retirement at an

20    older age and following promotions.  The records are also relevant, according to defendant, to

21    show plaintiff's prospects for alternative employment.  Defendant contends that the personnel file

22    is regularly relied on for a vocational rehabilitation analysis of an injured litigant.  In support,

23    plaintiff submits the affidavit of vocational rehabilitation expert Carla H. Kelley, who declares

24    that a plaintiff's job application, job description, earnings and income statements, performance

25    reviews / disciplinary file, and documentation of in-service training are regularly relied on to

26    address the issue of whether someone like plaintiff has legitimate long-term employment

27    prospects both pre- and post-accident and also whether someone such as plaintiff has viable

28    transferable skills in the event that alternate employment is an issue.  See Kelley Decl. ¶ 5, ECF

1    No. 32-1 at 10-11.

2            2.      Plaintiff

3            Plaintiff argues that her privacy rights outweigh the need for discovery, the records should

4    not be disclosed, and a protective order should be issued barring the disclosure of said records.

5    Notwithstanding defendant's statement that the parties have resolved their dispute as to a number

6    of categories, plaintiff discusses the following categories of documents in her portion of the joint

7    discovery statement:

8                    a.      "Unrelated Sheriff's Department Records"

9            Plaintiff claims first that her disciplinary records and/or performance evaluations are not

10   relevant to this trip-and-fall case.  Regarding defendant's argument that these documents may

11   bear on the question of plaintiff's future employability, plaintiff argues that this is not a wrongful

12   termination case and that these documents are not relevant to whether plaintiff would be entitled

13   to early retirement *for medical reasons*.

14                   b.       "Earnings, Profits, Salary, Payroll, Attendance Records, Date of Hire,

15                           Employment Benefit Records"

16           Plaintiff does not object to the production of these documents and claims that she has

17   already produced these documents.

18                   c.      "Health Records, Workers' Compensation Claims, Medical Information"

19           Plaintiff claims that the subpoena as worded is overbroad and vague and could be

20   construed to seek all medical information pertaining to plaintiff's entire body.  Plaintiff seeks a

21   protective order limiting discovery of workers' compensation and medical documents to relevant

22   body parts: head, neck, back, spine, and upper extremities.

23                   d.      Employment Application, Job Performance Evaluations, Date and Reason

24                           of Termination, Personnel Records

25           Plaintiff objects to the disclosure of these records on the ground that they are irrelevant

26   and that defendant's request is intended to harass plaintiff.  As to plaintiff's relevancy argument,

27   plaintiff argues that this is a simple slip-and-fall case involving defendant's negligence.  It is not a

28   wrongful termination case.  Plaintiff has not been disciplined in relation to the trip and fall

                                                     7

1  accident and she has not been terminated from her job.  Plaintiff argues that plaintiff's discipline

2  record has no bearing on whether she will be medically able to perform her job duties.

3      Both at the July 10, 2013 hearing on the instant motion and in her July 19, 2013

4  supplemental reply brief, plaintiff asserts that her 20-year-old employment application is so

5  remote in time that it is irrelevant.

6      Also in the supplemental reply brief, plaintiff argues that plaintiff's personnel records of

7  any alleged past discipline or disciplinary evaluations are irrelevant to the question of whether

8  alternative employment exists because a personnel file is never disclosed to potential employers.

9  As to the question of future employability, plaintiff argues that a vocational rehabilitation expert's

10  opinion can be based on the status of the plaintiff's employment at the time of the accident in

11  general terms.

12      Finally, to the extent defendant intends to use plaintiff's personnel records to test

13  plaintiff's credibility, plaintiff argues that this is oppressive, harassing, and irrelevant.  Plaintiff

14  also contends this information is inadmissible pursuant to Federal Rule of Evidence 403.

15              e.      W2s, 1099, Tax Records, and Business Income

16      Plaintiff objects to discovery of her tax and business income records on the grounds that

17  they are private, confidential, and irrelevant.

18  B.      Analysis

19      1.      Medical Records

20      Initially, it is unclear if the parties have actually resolved their dispute as to the plaintiff's

21  medical records.  Defendant claims that they have whereas plaintiff seeks a protective order

22  regarding these documents.  To the extent there remains a dispute, the court finds that plaintiff's

23  objections on grounds of overbreadth and vagueness, and her request for a protective order, are

24  paradoxical in light of the subpoena's express language limiting the scope of the documents

25  sought: "RECORDS ARE LIMITED TO THE HEAD, NECK, BACK, SPINE AND UPPER

26  EXTREMITIES."  See Rossmiller Decl. Ex. 2.  Because the subpoena's express language

27  limiting the scope of discovery mirrors the language that plaintiff seeks to include in a protective

28  order, the court overrules plaintiff's objections.

8

1    2.    W2 / 1099 Records

2        Defendant has withdrawn its request as to these documents.  Therefore, the court declines

3    to consider plaintiff's objections.

4        3.    Performance Evaluations / Disciplinary Reports / Employment Application

5            a.    Employment Application

6        Defendant represents that plaintiff's employment application is relevant to assist a

7    vocational expert in assessing plaintiff's prospects for future employment.  While the relevance of

8    plaintiff's resume is apparent, the court finds that defendant has failed to meet its burden of

9    showing the relevance of the employment application itself, particularly in a case such as this

10   where plaintiff's employment application is over twenty years old.  Accordingly, defendant's

11   motion will be denied as to plaintiff's employment application.

12            b.    Performance Evaluations and Disciplinary Reports

13                i.    Relevance

14       Regarding plaintiff's performance evaluations and disciplinary reports, defendant argues

15   that these documents are relevant to analyze plaintiff's "future employability" and advancement

16   with the Sheriff's Department and also to analyze her future employment prospects.  Both of

17   these issues are directed to plaintiff's future earning capacity.  A plaintiff may recover for loss of

18   earning capacity (i.e., the loss of the ability to earn money) if she is able to prove the amount of

19   money she would have been reasonably certain to earn if the injury had not occurred.  Cal. Civ.

20   Jury Instr. ("CACI") 3903D.  "Loss of earning power is an element of general damages that may

21   be inferred from the nature of the injury, with or without proof of actual earnings or income either

22   before or after the injury."  Hilliard v. A.H. Robins Co., 148 Cal. App. 3d 374, 412 (Ct. App.

23   1983).  The test is not what the plaintiff would have earned in the future but what he or she could

24   have earned; and the plaintiff may recover even where he or she was not working and earned

25   nothing.  Id.; see also Restatement (Second) of Torts § 924 cmt. d (2013).

26       The court turns first to the issue of plaintiff's future employability with the Sheriff's

27   Department.  This issue is directed to plaintiff's claim for damages related to her possible need

28   for an early retirement from a position in which she expects to receive promotions.  Defendant

1   argues that the documents sought "would tend to prove/disprove her claimed injuries and their

2   resultant effect upon her health and her job performance vis a vis other, unrelated factors bearing

3   upon job performance that may be contained within the requested records."  Def.'s Supp. Br. at 3.

4   If what defendant is arguing is that it intends to use the documents to establish the speculative

5   nature of plaintiff's future employability and her potential for promotion with the Sheriff's

6   Department, the court finds these documents relevant but will limit the time period to five years

7   before the accident.[4]

8          Turning next to the issue of plaintiff's duty to mitigate her damages by locating alternative

9   employment, defendant has not shown how a vocational expert's reliance on past performance

10  evaluations and disciplinary records – as opposed to reliance solely on a plaintiff's job duties,

11  skills, and experience – is necessary to determine future employment prospects.  These

12  documents could not be considered by prospective employers in any event since they would not

13  have access to an applicant's personnel file from previous employers.

14                          ii.    Credibility

15         Defendant also seeks these documents to challenge plaintiff's credibility.  That is,

16  defendant intends to use the records to show that plaintiff had performance issues pre-dating the

17  accident, that she had problems regarding unrelated injuries, and/or that plaintiff's work at the

18  sushi restaurant affected her performance.

19         Plaintiff argues that this would be an improper use of the documents sought, that this

20  would amount to impermissible character evidence, and that the documents are inadmissible

21  pursuant to Federal Rule of Evidence 403.

22         The court agrees with plaintiff that the use of these documents to challenge plaintiff's

23  credibility would be improper.  Accordingly, defendant's motion will be denied to the extent it is

24  based on this ground.

25         Accordingly, IT IS HEREBY ORDERED that:

26

27  _____
    [4] Since the subpoena is not limited in time and since plaintiff has been employed at the Sheriff's
    Department for over twenty years, it is difficult to see how documents that predate the accident by
28  more than five years would be relevant to the issue of plaintiff's future employability.

                                          10

1.   Defendant's motion for discovery (ECF No. 26) is granted in part;

2.   Assuming any responsive documents to the subpoena exist, they shall be produced as described more fully _supra_ within twenty-one days from the date of this order; and

3.   No later than August 6, 2013, the parties shall submit a Stipulation for Protective Order governing the use of confidential documents in this case.[5]

DATED: July 24, 2013

_allison Clare_
_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;jame.1651.pitchess.jo

---

[5] The court desires that the parties reach agreement on the terms of a protective order.  If the parties cannot agree, they may submit a joint motion as to any disputed issues.

11