DAVID P. MASTAGNI (SBN 57721)
PHILLIP R.A. MASTAGNI (SBN 238254)
IAN M. ROCHE (SBN 265038)
**MASTAGNI, HOLSTEDT, AMICK,**
**MILLER & JOHNSEN, APC**
A Professional Corporation
1912 "I" Street, Sacramento, California 95811
Telephone: (916) 446-4692
Facsimile: (916) 447-4614

Attorneys for Plaintiff,
DIANE JAMES

**DIEPENBROCK & COTTER, LLP**
JOHN P. COTTER, State Bar No. 158783
ANTHONY R. ROSSMILLER, State Bar No. 215652
1545 River Park Drive, Suite 201, Sacramento, California 95815
Telephone: (916) 565-6222
Telecopier: (916) 565-6220

Attorneys for Defendants,
KIEWIT INFRASTRUCTURE WEST CO.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| DIANE JAMES, | Case No. 2:12-cv-01651-WBS-AC |
|---|---|
| Plaintiff, | |
| v. | STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION |
| KIEWIT INFRASTRUCTURE WEST, CO., and DOES 1 through 200, inclusive, | [FRCP 26(c); L.R. 83-143] |
| Defendants. | |

   Plaintiff Diane James and Defendant KIEWIT INFRASTRUCTURE WEST, CO. hereby stipulate, in accordance with Federal Rule of Civil Procedure 26(c), to the following Protective Order, for the purpose of governing the disclosure during pretrial discovery and the subsequent handling of Diane James' personnel records pursuant to Honorable Magistrate Judge Allison Claire's Order of July 24, 2013, and all other confidential matters, including, but not limited to, financial, medical, or personal information, and documents containing any such information (hereinafter collectively referred to as "CONFIDENTIAL INFORMATION").

///

1. **Initial Designation.**

    1.1 **Good Faith Claims.** Claims of confidentiality will be made only with respect to documents, other tangible things, and information that the asserting party has a good faith belief is legally entitled to protection from discovery and disclosure under the Federal Rules of Civil Procedure and applicable case law. Objections to such claims made pursuant to paragraph 3 shall also be made in good faith.

    1.2 **Produced Documents.** A party producing documents that it believes constitute or contain CONFIDENTIAL INFORMATION shall produce copies bearing a label that identifies them as CONFIDENTIAL INFORMATION. No particular form of label is required so long as it indicates that the document contains CONFIDENTIAL INFORMATION. The label shall be affixed in a manner that does not obliterate or obscure the contents of the copies. As used herein, the term "documents" includes all writings, other media on which information is recorded, and other tangible things subject to production under the Federal Rules of Civil Procedure or federal law.

    1.3 **Interrogatory Answers.** If a party answering an interrogatory believes that its answer contains CONFIDENTIAL INFORMATION, it shall set forth that answer in a separate document that is produced and designated as CONFIDENTIAL INFORMATION in the same manner as a produced document under subparagraph l.2. The answers to interrogatories should make reference to the separately-produced document containing the answer, but such document should not be attached to the interrogatories.

    1.4 **Inspections of Documents.** If a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation of CONFIDENTIAL INFORMATION needs to be made in advance of the inspection. For purposes of such inspection, all material produced shall be treated as CONFIDENTIAL INFORMATION. If the inspecting party selects specified documents to be copied, the producing party shall designate CONFIDENTIAL INFORMATION in accordance with subparagraph 1.2 at the time the copies are produced.

///

**1.5** **Deposition Transcripts**.  Within twenty-one days after the receipt of a deposition transcript, a party may inform the other parties to the action of the portions of the transcript that it wishes to designate as CONFIDENTIAL INFORMATION.  All parties in possession of a copy of a designated deposition transcript shall appropriately mark it as containing CONFIDENTIAL INFORMATION.

**1.6** **Multi-page Documents**.  A party may designate all pages of an integrated, multi-page document, including a deposition transcript and interrogatory answers, as CONFIDENTIAL INFORMATION by placing the label specified in subparagraph 1.2 on the first page of the document.  If a party wishes to designate only certain portions of an integrated, multi-page document as CONFIDENTIAL INFORMATION, it should designate such portions immediately below the label on the first page of the document and place the label specified in subparagraph 1.2 on each page of the document containing CONFIDENTIAL INFORMATION.

**1.7** **List**.  The designating party shall prepare, periodically update, and provide to counsel upon request a listing of all designated CONFIDENTIAL INFORMATION.

**2.** **Designations by Another Party**.  If a party other than the producing party believes that a producing party has produced a document that contains or constitutes CONFIDENTIAL INFORMATION of such other party, it may designate the document as CONFIDENTIAL INFORMATION by so notifying all parties in writing within fourteen days of its receipt of the document.

**3.** **Objections to Designations.**

**3.1** **Generally.**  Any party objecting to an initial designation of CONFIDENTIAL INFORMATION, including objection to portions of designations of multi-page documents, shall notify the designating party within sixty (60) days of the receipt of the designation or within thirty days of entry of this order, whichever comes later.  The objecting and the designating parties shall promptly confer in an attempt to resolve their differences.  If they are unable to resolve their differences, the designating party, if it wishes to maintain the designation, shall have thirty (30) days from the service of the objection to file with the Court a motion to maintain the CONFIDENTIAL INFORMATION designation.  During the pendency of such motion, all parties

shall treat the material that is the subject of the motion as CONFIDENTIAL INFORMATION until the Court rules on the motion.

      **3.2**    **Near Trial.**  As necessary, the Court may consider and issue at a later date a further Order to deal with designations received near the date of trial.

      **4.**    **Custody.**  All CONFIDENTIAL INFORMATION and any and all copies, extracts and summaries thereof, including memoranda relating thereto, shall be retained by the receiving party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 5.1.  Paragraph 11 addresses in more detail the handling of CONFIDENTIAL INFORMATION after the conclusion of this litigation.

      **5.**    **Handling Prior to Trial.**

      **5.1**    **Authorized Disclosures.**  CONFIDENTIAL INFORMATION may be disclosed by the receiving party only to its employees who are authorized to assist in the litigation; to its counsel (including employees of its counsel); to the Court (subject to the procedures stated below); to qualified persons taking testimony involving such information; and to the party's expert witnesses and consultants.  However, a party may disclose CONFIDENTIAL INFORMATION to its expert witnesses and consultants only after obtaining the person's express written acknowledgement to be bound by this Protective Order on the form prescribed in Appendix A or, with respect to material provided prior to the entry of this order, after obtaining the person's assurance that he will treat the material in the manner to be prescribed by this order.  Such disclosures are authorized only to the extent necessary to investigate, prosecute, or defend this litigation.

      **5.2**    **Unauthorized Disclosures.**  If CONFIDENTIAL INFORMATION is disclosed to any person other than in the manner authorized by this Protective Order, the party or person responsible for the disclosure, and any other party or person who is subject to this Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the designating party.  Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make every effort to obtain the return of the CONFIDENTIAL INFORMATION and to prevent further disclosure on its own part or on the part of the person

who was the unauthorized recipient of such information.

  **5.3** **Court Filings.** If any CONFIDENTIAL INFORMATION must be filed with the Court prior to trial, it shall be filed in accordance with Local Rules 39-140 and 39-141, without need for any further order of this Court authorizing the redaction of CONFIDENTIAL INFORMATION from any document pursuant to Local Rule 39-140(b).  This provision applies to briefs, memoranda, and other filings that quote, summarize, or describe CONFIDENTIAL INFORMATION.

  **6.** **Handling During Trial.** CONFIDENTIAL INFORMATION that is subject to this Order may be marked and used as trial exhibits by any party, subject to terms and conditions imposed by the Court upon application by any party.

  **7.** **No Implied Waivers.** The entry of this Protective Order shall not be interpreted as a waiver of the right to object, under applicable law, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents or facilities. Neither the agreement to, or the taking of any action in accordance with, the provisions of this Protective Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other actions.

  **8.** **Inadvertent Production.** Inadvertent production of a document that the producing party believes contains attorney-client communications, attorney work product, or otherwise privileged information shall not constitute a waiver of privilege, and any such document (including all copies) shall be returned to the producing party immediately upon its request.

  **9.** **Parties' Own Documents.** Except as provided in paragraph 2, this Protective Order shall in no way restrict the parties in their use of their own documents and information, and nothing in this Order shall preclude any party from voluntarily disclosing its own documents or information to any party or nonparty.

  **10.** **Prohibition on Use Outside this Litigation.** CONFIDENTIAL INFORMATION shall not be used for any purpose in any litigation other than this case.

  **11.** **Handling Upon Conclusion of Litigation.** Within 90 days of the conclusion of

this litigation, all parties and counsel to this litigation and all persons to whom disclosure was made shall return all CONFIDENTIAL INFORMATION to the party that produced it, including copies and extracts of CONFIDENTIAL INFORMATION.  In lieu of returning CONFIDENTIAL INFORMATION, the person or party in possession of such CONFIDENTIAL INFORMATION may destroy it, but must so notify counsel for the producing party.  The attorney for the receiving party shall collect, assemble, and return (or destroy) all CONFIDENTIAL INFORMATION.  If requested by the producing party, the attorney for the receiving party shall certify in writing that all such CONFIDENTIAL INFORMATION has been destroyed.

**12.     Further Protection.**  Nothing in this Protective Order precludes any party from seeking and obtaining from the Court a further protective order for any documents or information that the party believes may not be sufficiently protected by this or other protective orders.

**THE PROVISIONS OF THE FOREGOING ARE STIPULATED AND AGREED TO:**

Dated: July 30, 2013          **DIEPENBROCK & COTTER, LLP**

By: /s/ *John P. Cotter* (Authorized 07/30/13)
    JOHN P. COTTER
    Attorneys for Defendants
    KIEWIT INFRASTRUCTURE WEST, CO.

Dated: July 30, 2013          **MASTAGNI, HOLSTEDT, AMICK, MILLER & JOHNSEN, APC**

By: /s/ *Phillip R.A. Mastagni* (Authorized 07/30/13)
    PHILLIP R.A. MASTAGNI
    Attorneys for Plaintiff
    DIANE JAMES

# ORDER

Upon good cause shown, the Court orders that all documents and testimony designated CONFIDENTIAL INFORMATION are to be protected under the terms of this Protective Order.

DATED: July 31, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

# APPENDIX A
## AGREEMENT OF CONFIDENTIALITY

I have read and am familiar with the Protective Order in the case James v. Kiewit Infrastructure West, Co., Case No. 2:12-cv-01651, pending in the United States District Court for the Eastern District of California.  I hereby agree to abide and be bound by all of the terms of that Order and not to use or disclose any CONFIDENTIAL INFORMATION except in accordance with the terms of the Order.

I also agree to deliver to the counsel of record who has consulted or engaged me for this action, not later than fourteen days after I am notified of the termination of this litigation, all documents in my possession or under my control designated CONFIDENTIAL INFORMATION, along with all copies thereof and all extracts and summaries of the matters contained therein.

DATED: _____     SIGNED: _____

    Print Name: _____

    Address:     _____

                     _____

                     _____

    Phone No.:   _____

    Name of Person from whom CONFIDENTIAL INFORMATION is received: _____